IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 2 8 2006

Michael N. Milby, Clerk

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| BRAZOS COUNTY, TEXAS; KAREN MCQUEEN, the COUNTY CLERK, in her official capacity; the BRAZOS COUNTY COMMISSIONERS COURT; and RANDY SIMS, the COUNTY JUDGE, in his official capacity, | ) **COMPLAINT** H-06-2165 |
| Defendants. | ) |

The United States of America, Plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Sections 208 and 4(f)(4) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973aa-6, 1973b(f)(4), and 1973j(d), and 28 U.S.C. § 2201.

## JURISDICTION

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 1973j(d) and 1973j(f). The events relevant to this action occurred in Brazos County, which is located in the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Defendant BRAZOS COUNTY is a political and geographical subdivision of the State of Texas.

4. Defendant KAREN MCQUEEN is the County Clerk of Brazos County. In her capacity as County Clerk, Defendant McQueen is responsible for the administration of voting and elections in Brazos County. Defendant McQueen is sued in her official capacity.

5. Defendant BRAZOS COUNTY COMMISSIONERS COURT is the primary budgetary authority for Brazos County and for the County Clerk.

6. Defendant RANDY SIMS is the County Judge of Brazos County, and has budgetary and administrative responsibilities in the County. Defendant Sims is sued in his official capacity.

## ALLEGATIONS

7. According to the 2000 Census, Brazos County had a total population of 152,415 persons, of whom 27,253 were Hispanic. The total voting age citizen population was 109,240, of whom 12,985 were Hispanic. Of Brazos County's Hispanic voting age citizen population, 2,360 were limited English proficient.

8. Brazos County, as a political subdivision of the State of Texas, is subject to the requirements of Section 4(f)(4) with respect to the Spanish language. 42 U.S.C. § 1973b; see also 40 Fed. Reg. 43,746 (Sept. 23, 1975); 28 C.F.R. § 55.5(b). The determination that Brazos County is covered by Section 4(f)(4) for Spanish language is final and non-reviewable. 42 U.S.C. § 1973b(a)(9)(b); 28 C.F.R. § 55.4(a)(1).

9. Because Brazos County is subject to the requirements of Section 4(f)(4), "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Spanish to Spanish-speaking voters. 42 U.S.C. § 1973b(f)(4).

10.     Brazos County has been continuously covered under Section 4(f)(4) to provide bilingual elections in Spanish since September 23, 1975. 40 Fed. Reg. 43,746 (Sept. 23, 1975); see also 28 C.F.R. § 51, Appendix. The Department of Justice has notified Brazos County election officials regarding the bilingual election requirements of the Voting Rights Act. In 2004, the Department of Justice and the State of Texas sent letters to Brazos County notifying the County of its obligations.

## FIRST CAUSE OF ACTION

11.     Plaintiff hereby alleges and incorporates by reference paragraphs one (1) through ten (10) above.

12.     Section 208 of the Voting Rights Act provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6.

13.     In violation of Section 208, Defendants, their employees, and agents have failed to allow voters the assistors of their choice through the following practices:

   a.   Prohibiting assistors of choice from providing assistance to Spanish-speaking voters with limited English proficiency.

   b.   Requiring Spanish-speaking voters to be assisted by poll workers who either did not speak Spanish or did not speak Spanish fluently.

   c.   Failing to accurately and adequately instruct poll workers on their duty to permit voters who need assistance to obtain assistance from any person of the voters' choice, other than the voters' employers or agents of those

employers or officers or agents of the voters' union.

14. Defendants' failure to allow voters to receive necessary assistance from a person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208 of the Voting Rights Act. 42 U.S.C. § 1973aa-6.

15. Unless enjoined by this Court, Defendants will continue to violate Section 208 by failing to provide Brazos County's voters the opportunity to receive assistance from persons of the voters' choice and by limiting the scope of the assistance voters can receive from their chosen assistors.

## SECOND CAUSE OF ACTION

16. Plaintiff hereby alleges and incorporates by reference paragraphs one (1) through fifteen (15) above.

17. Defendants have failed to provide effective election-related information and assistance in Spanish to Spanish-speaking voters, as required by Section 4(f)(4) of the Voting Rights Act, by failing to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing Spanish-speaking voters with limited English proficiency necessary and effective language assistance on election day.

18. Defendants have also failed to provide effective election-related information and assistance in Spanish to Spanish-speaking voters, as required by Section 4(f)(4) of the Voting Rights Act, by failing to provide certain election-related information, including but not limited to information publicizing elections, in a manner that ensures Spanish-speaking voters of an opportunity to be informed about election-related activities.

19. Defendants' failure to provide Spanish-speaking citizens of Brazos County with

Spanish language election assistance and information, as described above, constitutes a violation of Section 4(f)(4).

20.     Unless enjoined by this Court, Defendants will continue to violate Section 4(f)(4) by failing to provide the limited English proficient Spanish-speaking citizens of Brazos County with Spanish language election information and assistance necessary for their participation in the political process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court enter an order:

(1)     Declaring that the practices of Defendants set forth above violate Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(2)     Declaring that Defendants have failed to provide in an effective manner Spanish language election information and assistance necessary for the political participation of limited English proficient Spanish-speaking voters, in violation of Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

(3)     Enjoining Defendants, their agents, and successors in office, and all persons acting in concert with them, from engaging in any act or practice that denies the rights secured by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(4)     Enjoining Defendants, their agents, and successors in office, and all persons acting in concert with them, from failing to provide in an effective manner Spanish language election information and assistance to voters with limited English proficiency as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973aa-1a(c);

(5) Requiring Defendants to develop and implement a remedial plan to ensure that Brazos County's voters are permitted assistance from persons of their choice when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(6) Requiring Defendants to develop and implement a remedial plan to ensure that Spanish-speaking voters with limited English proficiency are able to understand, learn of, and participate in all phases of the electoral process as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973aa-1a(c); and

(7) Authorizing the appointment of federal examiners for elections held in Brazos County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a).

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Date: 27th day of June, 2006.

    ALBERTO GONZALES
    Attorney General

    _____
    WAN J. KIM
    Assistant Attorney General
    Civil Rights Division

    DONALD J. DeGABRIELLE, JR.
    United States Attorney
    DANIEL DAVID HU
    Assistant United States Attorney
    Texas Bar No. 10131415

    _____
    JOHN TANNER
    Chief, Voting Section

    _____
    SUSANA LORENZO-GIGUERE
    Special Litigation Counsel
    DONALD L. PALMER
    JOHN "BERT" RUSS
    SEAN W. O'DONNELL
    State Bar No. 24038639
    Trial Attorneys
    United States Department of Justice
    Civil Rights Division,
    Voting Section
    950 Pennsylvania Avenue NW, Room NWB-7254
    Washington, D.C. 20530
    Telephone: (202) 305-0827
    Facsimile: (202) 307-3961
    susana.lorenzo-giguere@usdoj.gov
    sean.odonnell@usdoj.gov

    Attorneys for the United States of America