IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**H-06-2165**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRAZOS COUNTY, TEXAS; KAREN ) <br> MCQUEEN, the COUNTY CLERK, in her ) <br> official capacity; the BRAZOS COUNTY ) <br> COMMISSIONERS COURT; and RANDY ) <br> SIMS, the COUNTY JUDGE, in his official ) <br> capacity, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. <br><br> **PROPOSED CONSENT DECREE,** <br> **JUDGMENT, and ORDER** |

The United States of America filed this action pursuant to Sections 208 and 4(f)(4) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973aa-6 and 1973b(f)(4), and 28 U.S.C. § 2201, over violations of Sections 208 and 4(f)(4) arising from Brazos County's election practices and procedures as they affect the Spanish-speaking voters of Brazos County. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(d) and (f).

Brazos County is subject to the requirements of Section 208 of the Voting Rights Act, as amended, 42 U.S.C. § 1973aa-6 ("Section 208"). Section 208 provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6. Brazos County, through its employees and agents, prevented certain limited English proficient Spanish-speaking

voters from securing assistance at the polls necessary for their participation in the voting process, in violation of Section 208.

Brazos County is covered under Section 4(f)(4) of the Voting Rights Act, as amended, 42 U.S.C. § 1973b(f)(4) ("Section 4(f)(4)"), to provide Spanish language written materials and assistance to voters. The State of Texas, including Brazos County, has been subject to the requirements of Section 4(f)(4) since September 23, 1975. 40 Fed. Reg. 43,746; see also 28 C.F.R. pt. 51, Appendix. As a result, Brazos County has been under notice of its obligations under Section 4(f)(4) since 1975. The Department has sent Brazos County and other covered jurisdictions information regarding the bilingual election requirements of the Voting Rights Act.

According to the 2000 Census, Brazos County had a total population of 152,415 persons, of whom 27,253 were Hispanic. The total voting age citizen population was 109,240, of whom 12,985 were Hispanic. Of Brazos County's Hispanic voting age citizen population, 2,360 were limited English proficient ("LEP").

Defendants have not complied with the requirements of Section 4(f)(4) for Spanish-speaking citizens residing in Brazos County by failing to provide an adequate number of bilingual poll officials trained to assist Spanish-speaking voters on election day, and by failing to provide in an effective manner certain election-related information to Spanish-speaking voters.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the United States and Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Order. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this manner. Each party shall bear its own costs and fees.

Defendants admit that they have not fully complied with all of the provisions of Sections 4(f)(4) and 208. Defendants are, however, committed to comply fully with all of such requirements in future elections. Therefore, Defendants stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants, their agents, employees, contractors, successors, and all other persons representing the interests of Defendants are hereby PERMANENTLY ENJOINED from:

   a. Prohibiting "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write . . . [to] be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union," 42 U.S.C. § 1973aa-6; and

   b. Failing to provide in Spanish "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," that they provide in English, as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4).

2. The terms of this Decree apply to all federal, state, and local elections that are administered by the County. Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each entity to comply fully with Sections 208 and 4(f)(4).

**Assistors of Choice**

3.     Defendants shall ensure that Spanish-speaking voters are permitted assistance from persons of the voters' choice, other than the voters' employers or agents of those employers or officers or agents of the voters' unions, and that such assistance shall include assistance in the voting booth, including reading or interpreting the ballot and instructing voters on how to select the voters' preferred candidates.

4.     Defendants shall ensure that in cases where a poll official is a Spanish-speaking voter's assistor of choice, all poll officials shall make certain that the voter can receive such assistance from a trained bilingual poll official who can speak Spanish fluently.

**Translation and Dissemination of Election-Related Materials**

5.     All information that is disseminated by Brazos County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973b(f)(4), shall also be provided in the Spanish language. Defendants shall ensure that both English and Spanish language election information, materials, and announcements provided by Brazos County are made equally available to voters.

6.     Defendants shall ensure that Spanish language election information, materials, and announcements are provided to the same extent as they are provided in English. Spanish language information shall be distributed in newspapers, radio, the Internet, and other media that exclusively or regularly publish or broadcast information in Spanish. These announcements need not be identical in all respects to English language announcements, but shall provide substantially the same information and be in the form, frequency, and media best calculated to

achieve effective notice and understanding equal to that provided to the English-speaking population.

**Spanish Language Assistance**

7.  Spanish language assistance shall be available at all locations where election-related transactions are conducted. Trained bilingual (Spanish and English fluent) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on election days.

8.  Defendants shall recruit, hire, and assign poll officials able to understand, speak, write, and read Spanish fluently to provide effective assistance to Spanish-speaking voters at the polls on election days.

9.  Brazos County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on election day. The County shall request that cities, school districts, and other entities that are involved in conducting elections in Brazos County perform similar surveys of their employees. The County shall also request each school district or other educational entity within the County to devise and implement a program that allows and encourages bilingual students selected (as permitted by state law and as part of an educational program devised by such district) to serve as poll officials on election day for all County elections, including election days that fall on school days, with such students receiving all pay and benefits provided by law for such poll officials. The County shall advise counsel for the United States of any entity that does not participate fully.

10. The County shall invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

11. In addition to the requirements of state law,

   a. any election precinct in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual election official;

   b. any election precinct in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual election officials;

   c. any election precinct in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual election officials; and

   d. Defendants shall employ bilingual personnel, trained in Spanish language election terminology, who shall be on call and available to travel to a precinct insufficiently staffed by bilingual poll officials to provide any necessary assistance to any Spanish-speaking voter.

The parties may by written agreement adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is lesser or greater than these standards.

12. Signs in both English and Spanish shall be posted prominently at all polling places stating that Spanish language assistance is available. At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish language assistance.

**Election official training**

13.     Prior to each election, in addition to any required state or county training, the County shall train all poll officials and other election personnel present at the polls regarding the following:

>   a.  The provisions of Section 208, including the legal obligation to allow anyone to assist the voter at the polls, other than the voter's employer or agent of that employer or officer or agent of the voter's union; and
>
>   b.  The provisions of Section 4(f)(4) of the Voting Rights Act, including the legal obligation and means to make Spanish language assistance and materials available to voters, and the requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments.

In addition to the general training for poll officials, the County shall train all bilingual poll officials on Spanish language election terminology, voting instructions, and other election-related issues. The County shall maintain a record of which poll officials attend training sessions, including the time, location, and training personnel involved.

**Response to Complaints About Poll Officials**

14.     Defendants, upon receipt of complaints by voters, whether oral or written, shall investigate expeditiously any allegations of poll official hostility toward Spanish-speaking and/or Hispanic voters in any election. The results of the investigation(s) conducted by the Defendants shall be reported to the United States within thirty (30) days. Where there is credible evidence

that poll officials have engaged in inappropriate treatment of Spanish-speaking or Hispanic voters, Defendants shall remove those poll officials.

### Spanish Language Election Program Coordinator

15. The County shall retain an individual or designate a County employee to coordinate the County's Spanish language election Program ("the Coordinator") for all elections within the County. The County shall provide the Coordinator with support sufficient to meet the goals of the program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish language media for notices and announcements; training, recruitment, and assessment of Spanish language proficiency of bilingual poll officials and interpreters; and managing other aspects of the program.

### Advisory Group

16. The County shall establish an Advisory Group to assist and inform the Spanish language election program. Each member of the Brazos County Commissioners Court, including the County Judge, the County Clerk, and the Registrar of Voters shall each appoint one member to the Advisory Group. Members shall serve for a period of one year, and the Advisory Group shall be re-constituted each year. The Advisory Group shall be chaired by the Coordinator, who shall invite participation from all interested individuals and organizations that work with or serve the Spanish-speaking community in Brazos County to determine how to most effectively provide election materials, information, and assistance to Spanish-speaking voters and to fill any gaps in public awareness about the County's bilingual election program due to past failures to provide

accessible election-related information to Spanish-speaking voters. The Advisory Group shall be open to all interested persons. The County shall maintain a roster of such persons together with the telephone and facsimile numbers or e-mail addresses of each, and shall provide to each such personal notices it provides to the Advisory Group.

17. The Advisory Group shall meet at least once a month in 2006, at least quarterly in 2007, and thereafter as the Advisory Group determines is necessary. The Coordinator shall provide notice of all planned meetings to each member of the Advisory Group, including the time, location, and agenda for the meeting, at least 14 days in advance, although members of the Advisory Group may agree to waive or shorten this time period as necessary. Within five working days following each meeting, the Coordinator shall provide a written summary to all members and to the County Clerk of the discussion and any decisions reached at the meeting. If the County Clerk decides not to implement an Advisory Group suggestion or a consensus cannot be reached respecting such suggestion, he or she shall provide to the Advisory Group through the Coordinator and maintain on file a written statement of the reasons for rejecting such suggestion.

18. The County shall provide to all members of the Advisory Group and interested parties who have attended meetings of the Advisory Group copies, in English and Spanish, of all election information, announcements, and notices that are provided or made available to the electorate and general public and shall request that the members of the Advisory Group and interested parties share such information with their clients, constituents, members, or others.

**Federal Examiners and Observers**

19. To monitor compliance with and ensure effectiveness of this Decree, and to protect the Fourteenth Amendment rights of the citizens of Brazos County, the appointment of a

federal examiner is authorized for Brazos County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), as long as the Decree is in effect.

20.     Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

### Evaluation of plan

21.     The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish language Program. Defendants shall evaluate the Spanish language election program after each election to determine which aspects of the program are functioning well; whether any aspects need improvement; and how to affect needed improvements. The program may be adjusted at any time upon joint written agreement of the parties.

### Retention of Documents and Reporting Requirements

22.     During the duration of this Decree, the County shall make and maintain written records of all actions taken pursuant to this Decree and shall produce copies of such records to the United States upon its request. See generally 42 U.S.C. §§ 1974 & 1974b.

23.     During the duration of this Decree, at least thirty (30) days before each County administered election held in the County, Defendants shall provide to counsel for the United States:

        a.     the name, address, and precinct designation of each polling place;

    b.    the name and title of each poll official appointed and assigned to serve at each polling place, as of the date the materials are sent;

    c.    a designation of whether each poll official is bilingual in English and Spanish; and

    d.    an electronic copy of the voter registration list to be used in such elections.

Within thirty (30) days after each election, Defendants shall provide to counsel for the United States any updated report regarding changes in items a. to c. above that occurred at the election, and provide information about all complaints the County received at the election regarding language or assistance issues, by express mail or electronically to the following address:

    Voting Section
    United States Department of Justice
    Civil Rights Division
    1800 G Street, N.W., Room NWB-7254
    Washington, D.C. 20006
    Facsimile: (202) 307-3961
    sean.odonnell@usdoj.gov
    donald.palmer@usdoj.gov

**Other Provisions**

24.    This Decree is final and binding between the parties and their successors in office regarding the claims raised in this action. This Decree shall remain in effect through August 6, 2007, and the parties further stipulate that the Decree shall be extended through March 1, 2009, if Defendants remain under a continuing federal statutory obligation to provide minority language materials and assistance after August 6, 2007.


25. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Sections 208 and 4(f)(4) of the Voting Rights Act.

Agreed to this 27th day of June, 2006.

AGREED AND CONSENTED TO:

For Plaintiff:

ALBERTO R. GONZALES
Attorney General

_____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

DONALD J. DeGABRIELLE, JR.
United States Attorney
DANIEL DAVID HU
Assistant United States Attorney
Texas Bar No. 10131415

_____
JOHN TANNER
Chief, Voting Section
SUSANA LORENZO-GIGUERE
Special Litigation Counsel
DONALD L. PALMER
JOHN "BERT" RUSS
SEAN W. O'DONNELL
State Bar No. 24038639
Trial Attorneys
United States Department of Justice
Civil Rights Division
Voting Section
950 Pennsylvania Avenue NW
Room NWB-7254
Washington, D.C. 20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
susana.lorenzo-giguere@usdoj.gov
sean.odonnell@usdoj.gov

For Defendants:

_____
JIM KUBOVIAK
Brazos County Attorney
300 E. 26th Street, Suite 325
Bryan, TX 77803
Telephone: (979) 361-4300
Facsimile: (979) 361-4357
jkuboviak@co.brazos.tx.us

_____
RANDY SIMS
Brazos County Judge
300 E. 26th Street, Suite 114
Bryan, TX 77803
Telephone: (979) 361-4102
Facsimile: (979) 361-4503
rsims@co.brazos.tx.us

_____
KAREN MCQUEEN
Brazos County Clerk
300 E. 26th Street, Suite 120
Bryan, TX 77803
Telephone: (979) 361-4528
Facsimile: (979) 361-4125
kmcqueen@co.brazos.tx.us

## JUDGMENT AND ORDER

This Court, having considered the United States' claim under Sections 208 and 4(f)(4) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973aa-6 and 1973b(f)(4), and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE